IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CRYSTAL ROGERS-STURDIVANT                                                         PLAINTIFF

v.                              Civil No. 14-2033

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                    DEFENDANT

**AMENDED MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Crystal Rogers-Sturdivant, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff filed her application for SSI on November 10, 2011, alleging disability due to back problems, pain, and bipolar disorder. Tr. 9, 118-126, 146, 149, 160-161, 172-177, 178-179, 191-198. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 12, 75-85. An administrative hearing was held on January 10, 2012. Tr. 21-73. Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the hearing, Plaintiff was 31 years old and possessed the equivalent of a high school education. Tr. 14, 29. She had past relevant work "(PRW")" experience in a factory examining pantyhose. Tr. 28-32, 146-147, 152-159.

On February 17, 2012, the ALJ found Plaintiff's degenerative disk disease, depression, and social phobia were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 11-13. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that she retained the residual functional capacity ("RFC") to perform light work involving frequent operation of foot controls with her left foot, bilateral reaching, and frequent climbing ramps and stairs; occasional climbing ladders, ropes, and scaffolds; and, occasional balancing, stooping, kneeling, crouching, and crawling. Further, the ALJ concluded that Plaintiff was limited to jobs that could be performed while using a handheld assistive device for prolonged ambulation and work in which the interpersonal contact is routine but superficial, the complexity of the tasks is learned by experience with several variables, the judgment involved is within limits, and the supervision required is little for routine but detailed for non-routine tasks. Tr. 13. With the assistance of a vocational expert, the ALJ then concluded that Plaintiff could return to her PRW as an inspector. Tr. 17.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on December 18, 2013. Tr. 1-3. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 10, 11.

## II.     Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

3

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

Of particular concern to the undersigned is the ALJ's treatment of the medical evidence provided by Plaintiff's treating doctor, Dr. Kelli Rippy. A treating physician's medical opinion is given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 404.1527(d)(2). These opinions are not automatically controlling, however, because the record must be evaluated as a whole. *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005). We will uphold an ALJ's decision to discount or even disregard the opinion of a treating physician where "other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Id*. at 920-21 (internal quotations omitted). The court notes however the ALJ's responsibility to develop the record particularly where there are

apparent inconsistencies in the treating physicians opinion. The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made).

In the present case, the medical evidence reveals that Plaintiff suffers from lumbar radiculopathy and cervical neuritis as a result of a moderate-sized central disk herniation at the L5-S1 level with ligamentum flavum thickening producing mild canal stenosis, disk degenerative changes and a small right paracentral disk protrusion at the T11-12 level, a probable very tiny left paracentral disk protrusion at the C5-6 level, and a congenital fusion anomaly at the C3-4 level. Tr. 312-313, 340-341, 382-383. Over the years, Plaintiff has sought out consistent treatment for her symptoms with documented physical findings to include positive straight leg raise tests, muscle spasms, tenderness upon palpation, sensory disturbances (particularly in her left leg and foot), mildly decreased strength in both right upper extremities, difficulty bending forward, limited flexion and extension, and an inability to walk on her toes. And, she has complained of chronic pain and difficulty ambulating. Her treatment has included a variety of medications, the most recent of which are Tramadol, Lyrica, and Lodine. Plaintiff also underwent at least one epidural steroid injection in August 2012, but reported no improvement. Tr. 288-289, 316-317, 344-345. And, we can find no evidence that further injections were either recommended or scheduled.

In September 2012, Dr. Rippy noted that Plaintiff's complaints of leg weakness and feeling off balance had resulted in her using a wheelchair for long distance ambulation and a walker or cane for shorter distances. Tr. 288-289, 316-317. Noting that she had been treating Plaintiff since April 2012 for a herniated lumbar disc, canal stenosis, lumbar radiculopathy, and

anxiety, Dr. Rippy completed a physical RFC assessment. Tr. 282-285. She was of the opinion that Plaintiff could sit for a total of 4 hours in an 8-hour work day, stand and walk for 1 hour each per 8-hour work day, and occasionally bend and reach above head, be exposed to unprotected heights, be around moving machinery, and be exposed to marked temperature changes. Dr. Rippy also indicated that Plaintiff could not use her hands for repetitive action in a competitive environment by reaching or pushing and pulling, use her feet for repetitive movements as in operating foot controls in a competitive environment, squat, crawl, climb, stoop, crouch, kneel, or tolerate driving automotive equipment. Further, Dr. Rippy found the Plaintiff would need to take unscheduled breaks during an 8-hour day; need to lie down at unpredictable times to rest; require a sit/stand/walk option if employed; occasionally require the use of a cane or assistive device while standing/walking; and, could occasionally look down, turn her head to right or left, look up, and hold her head in a static position.

We also note numerous treatment notes from Dr. Shawn Miller (seven total between November 14, 2011, and March 26, 2012), documenting Plaintiff's chronic pain. Tr. 220-224, 271-275, 293-304, 321-332. While it is true that one treatment note indicated that Plaintiff was not performing her back exercises as recommended, we can find no other evidence to indicate that Plaintiff was noncompliant with treatment. And, although the Plaintiff did report her pain to have been at a level 5 in May 2012, she also complained of difficulty ambulating. Upon her return in August 2012, she reported her pain level to be a 7. As it is not uncommon for patients suffering from chronic pain to have both bad and good days, neither of which is necessarily indicative of their ability to perform work-related activities on a sustained basis, we cannot say that the ALJ's dismissal of Dr. Rippy's assessment is supported by substantial evidence. *See*

*McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir. 1982) (en banc) (abrogated on other grounds) (Residual functional capacity "is not the ability merely to lift weights occasionally in a doctor's office; it is the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world."). Accordingly, remand is warranted to allow the ALJ to reconsider Dr. Rippy's RFC assessment.

### IV.     Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of September 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)